[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In October 1990, the petitioner was convicted by a jury of Breach of Peace and Interfering With a Peace Officer. The episode CT Page 9118 giving rise to the charges in question occurred on July 2, 1989. The trial court convictions were affirmed by the Appellate Court inState v. Nita, 27 Conn. App. 103 (1992). Subsequently, a petition for certiorari was denied by the United States Supreme Court.
In her petition for a new trial dated October 15, 1992, the petitioner makes reference to other witnesses to the episode and claims to have been suffering from Post Traumatic Stress Disorder when she testified at the trial. A subsequent amendment raises the issue of alleged irregularities in the original police report and the existence of an "undiscovered witness" not known to the petitioner at the time of trial.
The petitioner was heard over the course of three days, concluding on July 6, 1994. A continuance was granted by the Court prior to the last date because of a death in the family of one of the petitioner's witnesses.
 I.
As the petitioner presented no evidence on the subject at trial and made no reference to it in her brief, the Court will treat the allegation pertaining to Post Traumatic Stress Disorder as abandoned.
 II.
Recognizing the fact that the petitioner appeared pro se, the Court extended great leeway to her in the offers of evidence, arguments, repetition, self serving statements, etc. Despite all this, a careful reading of the 588 page trial transcript and a concerted effort to follow it, the Court finds no relevance to this petition of the alleged irregularities in the arrest report.
The State's witnesses who testified about the report explained their actions and the usual procedures involved in the compilation of an arrest record. (In fact one officer explained before the jury in the original trial how and why he made an addition to his report).
Further, this report irregularity is not newly discovered evidence, and therefore not properly before this Court. It was raised at trial and could have been developed more fully then and there if it had probative value. CT Page 9119
 III.
As noted above, for a petition for a new trial to be granted on the grounds of newly discovered evidence, "the new evidence must not have been discoverable and producible at the original trial by the exercise of due diligence, and must not be cumulative." Summerville v. Warden, 229 Conn. 397, 426 (1994).
The petitioner's "newly discovered evidence" in this proceeding was the testimony of Mr. Mrs. Schiano and Mr. Mrs. Petta. The existence of these witnesses was known at the time of trial. Petitioner's trial counsel testified in this case that he received a list with these names from the prosecutor but "decided not to pursue it" at that time. But he did subpoena the record of all persons who had also received traffic tickets during or at about the time the petitioner and her ex-husband were detained and did not request a continuance, feeling the request would be denied.
Thus, it is clear that the proffered testimony was both discoverable and producible at the original trial.
Petitioner makes much of the fact that Mr. Petta had moved from the address on the infraction he received and the Schianos changed addresses. However, they testified to family members still residing at the prior addresses who knew where they were.
The State argues that the testimony elicited from Mr. Mrs. Schiano and Mr. Mrs. Petta was cumulative and thus not supportive of a petitioner for a new trial. The Court is unable to ascertain from her brief what the petitioner has to say about this claim.
The Court is inclined to the view that the proffered testimony is not cumulative, but represents the petitioner's attempt to corroborate her trial testimony.
However, the petitioner's application must fail by virtue of the failure to show that the evidence in dispute was not discoverable nor producible at the original trial.
 IV.
The Summerville decision cited above also requires that this Court find that "an injustice was done and that it is probable that on a new trial a different result would be reached." (p. 425-6). CT Page 9120
Four witnesses were called by the petitioner to testify as to the events of July 2, 1989. Thus, their recollections were almost five years old at the time the Court heard them.
In addition, two of these witnesses were operators who were also pulled over for speeding and the other two were their spouses, riding in the cars when they were stopped. In response to questions, they could not recall some events, didn't observe others, and gave different versions of still others.
For example, Elsa Schiano didn't hear what the petitioner said to the officer who was ordering her to get back into her car. She didn't recall any lunging or kicking by the petitioner, no resisting and no struggling. She conceded she may not have seen a crowd gathering to watch the episode and that her attention was diverted by the officer who ticketing her husband. Nor does she remember a third officer — a fact virtually undisputed. She admitted that she did not see everything that went on. Luciano Schiano did not recall details, but did characterize the confrontation between the petitioner and an officer as "they were arguing".
Mrs. Petta was not on the scene for the entire episode, the Pettas having heeded an officer's order to get out of the area. She didn't see the petitioner cuffed, put in a police car, and taken away. Mr. Petta has the episode involving the petitioner consuming four to six minutes, a much longer time than his wife or the Schianos indicated.
There were numerous contradictions raised by the three witnesses — as to how many officers were involved, certain actions, etc. Mr. Petta has the petitioner running around the back of her car while other witnesses have her in the front of it. A state witness, Mr. Palmer, who appeared to have excellent recall of the events, contradicted many of the details testified to.
Of significance is the fact that much of the time and effort devoted to the recitation of details and subsequent contradictions did little to refute the basic charges against the petitioner.
As noted by the State in its brief:
 "By convicting the petitioner, the jury accepted the testimony of the witnesses who identified the petitioner as a participant in CT Page 9121 the crime. It is not the function of the trial court, on a petition for a new trial, to consider whether the jury was correct in its evaluation of the credibility of witnesses.
 New trials are not granted upon newly discovered evidence that discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result."
Fisher v. State, 33 Conn. App. at 125.
The Court cannot conclude that the evidence presented here meets this standard.
CONCLUSION
By reason of the findings made above and, in particular, those in Sections III IV, the petition for a new trial must be denied.
Anthony V. DeMayo State Trial Referee